

**FELONY**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BILL OF INFORMATION FOR CONSPIRACY TO COMMIT
BRIBERY, WIRE FRAUD, AND HONEST SERVICES FRAUD, AND FOR FALSE
CERTIFICATION OF FINANCIAL REPORTS
BY A CORPORATE OFFICER

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.: 12-207 |
| v. | * | SECTION: "E" |
| FRANK J. FRADELLA | * | VIOLATION: 18 U.S.C. § 371 |
| | | 18 U.S.C. § 1350 |

\*       \*       \*

The United States Attorney charges that:

## COUNT 1
*(Conspiracy)*

### A.  AT ALL TIMES MATERIAL HEREIN:

1. The defendant, **FRANK J. FRADELLA**, operated various corporate entities, to include, among others, Home Solutions of America, Inc, Home Solutions Restoration of Louisiana, Inc., Picke Construction Corporation, CKB Investments, LLC and Company "A."

2. The City of New Orleans was a local government municipality within the State of Louisiana and received federal assistance in excess of $10,000 annually.

3. Public Official "A" was an agent of the City of New Orleans from in or near May, 2002 through May, 2010.

USA

**B.     THE CONSPIRACY:**

Beginning in or near January, 2007, and continuing through March, 2011, in the Eastern District of Louisiana, and elsewhere, the defendant, **FRANK J. FRADELLA**, and others known and unknown to the United States Attorney, did knowingly and willfully combine, conspire and agree with each other:

1) to corruptly give, offer, and agree to give something of value to Public Official "A," that is payoffs intended to influence and reward Public Official "A" for his assistance in connection with a series of transactions involving the City of New Orleans worth $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(2).

2) to devise and intend to devise a scheme and artifice to defraud the City of New Orleans, and its citizens of their intangible right to receive the honest services of Public Official "A" services, through bribes and kickbacks, involving the use of interstate wire transmissions, in violation of Title 18, United States Code, Sections 1343 and 1346;

**C.     OVERT ACTS:**

On or about the following dates, in furtherance of and to conceal the conspiracy and accomplish its purposes, the defendant, **FRANK J. FRADELLA**, and others, committed the following overt acts, among others, in the Eastern District of Louisiana and elsewhere:

1) Beginning in or near January, 2007, and continuing through in or near March, 2011, **FRANK J. FRADELLA**, provided payoffs to Public Official "A." In completing these payoffs, the defendant caused electronic wire transmissions to travel outside of the State of Louisiana and across state lines for the purpose of executing the scheme and artifice to defraud.

2) From in or near January, 2007, and continuing through in or near May, 2010, Public Official "A" used his public office and his official capacity to benefit defendant's business interests in exchange for payoffs from defendant, **FRANK J. FRADELLA**.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
*(False Certification of Financial Reports by a Corporate Officer)*

### A. AT ALL TIMES MATERIAL HEREIN:

1. Home Solutions of America, Inc. ("Home Solutions") was a publicly-owned Delaware corporation with its principal corporate offices in the city of Dallas, in the Northern District of Texas.

2. Home Solutions was in the business of construction and restoration, including restoration following natural disasters such as hurricanes. From time to time, Home Solutions acted as a subcontractor, providing goods and services to other companies that were also in the construction and restoration business.

3. Home Solutions conducted some of its business operations by and through wholly-owned subsidiaries, including Home Solutions Restoration of Louisiana, Inc. ("HSRL").

4. Shares of Home Solutions stock traded on the NASDAQ Global Market, under the ticker symbol "HSOA," and those shares were registered with the United States Securities and Exchange Commission ("SEC") under Section 12 of the Securities Exchange Act of 1934.

5. During 2006, Home Solutions filed with SEC quarterly reports on Form 10-Q for the three-month periods ended March 31, June 30, and September 30, and it filed with the SEC an

annual report on Form 10-K for the 12-month period ended December 31 (all of these reports hereafter "SEC reports").

6.  By way of its SEC reports, Home Solutions disclosed to public investors financial data about the performance of Home Solutions and its subsidiaries, including their revenue and operating income.

7.  The financial data disclosed by Home Solutions in its SEC reports was available to public investors for their use in determining the value of Home Solutions stock and making decisions about investing in Home Solutions stock.

8.  The defendant, **FRANK J. FRADELLA**, was the Chief Executive Officer ("CEO") of Home Solutions and the Chairman of its Board of Directors.

9.  As CEO, the defendant, **FRANK J. FRADELLA**, was responsible for certifying the truth and accuracy of financial data that Home Solutions disclosed to the public through its SEC reports, including revenue and operating income earned by Home Solutions and its subsidiaries.

### B. HSRL INVOICES:

10. In September 2006, the defendant, **FRANK J. FRADELLA**, directly and indirectly caused HSRL personnel to prepare and send to a customer seven invoices reflecting charges for goods and services that HSRL ostensibly provided to the customer during the period September 1-15, 2006. (Each invoice related to one of seven projects located in New Orleans, Louisiana.)

11. The defendant, **FRANK J. FRADELLA**, also directly and indirectly caused Home Solutions to record a material amount of revenue and operating income on its books for the three months ended September 30, 2006, based on the HSRL invoices to the customer.

4

12. The defendant, **FRANK J. FRADELLA**, also caused Home Solutions to report that revenue and income to public investors in its quarterly SEC report for the three months ended September 30, 2006.

13. The defendant, **FRANK J. FRADELLA**, then and there well knew, however, that the revenue and income was false, fictitious, and fraudulent.

14. The defendant, **FRANK J. FRADELLA**, knew that the customer did not actually owe the dollar amounts reflected in the HSRL invoices.

15. The defendant, **FRANK J. FRADELLA**, had no reason to believe that HSRL could collect those amounts.

### C. **FALSE CERTIFICATION:**

On or about November 14, 2006, in the Northern District of Texas and elsewhere, Home Solutions filed its Form 10-Q for the three months ended September 30, 2006 with the United States Securities and Exchange Commission, pursuant to Section 13(a) and Section 15(d) of the Securities Exchange Act of 1934, and the defendant, **FRANK J. FRADELLA**, knowing that the information contained in the SEC report did not fairly present, in all material respects, the financial condition and results of operations of Home Solutions because it falsely reported certain revenue and operating income, as alleged in this Count 2, knowingly certified falsely that the information in the SEC report did fairly present, in all material respects, the financial condition and results of operations of Home Solutions.

All in violation of Title 18, United States Code, Section 1350(c)(1).

## NOTICE OF FORFEITURE

1.      The allegations of Counts 1 and 2 of this Bill of Information are realleged and incorporated by reference as though set forth fully herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 371, 666(a)(2), 1343, 1346 and 1350, made applicable through Title 28, United States Code, Section 2461(c).

2.      As a result of the offenses alleged in Counts 1 and 2, the defendant, **FRANK J. FRADELLA**, shall forfeit to the United States pursuant to Title 18, United States Code, Sections 371, 666(a)(2), 1343, 1346 and 1350, made applicable through Title 28, United States Code, Section 2461(c), any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Sections 371, 666(a)(2), 1343, 1346 and 1350.

3.      If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third person;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 18, United States Code, Section 981(a)(1)(C), made applicable through Title 28, United States Code, Section 2461(c).

_____
JIM LETTEN #8517
UNITED STATES ATTORNEY

_____
JAN MASELLI MANN # 9020
First Assistant United States Attorney

_____
RICHARD R. PICKENS, II #22593
Assistant United States Attorney

_____
MATTHEW M. COMAN #23613
Assistant United States Attorney


SARAH R. SALDAÑA
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF TEXAS

_____ /FOR
ALAN M. BUIE
Assistant United States Attorney


New Orleans, Louisiana
May 23, 2012

No. 12-207 "E"

# United States District Court
## FOR THE
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

vs.

FRANK J. FRADELLA

BILL OF INFORMATION FOR CONSPIRACY TO COMMIT BRIBERY, WIRE FRAUD, AND HONEST SERVICES FRAUD, AND FOR FALSE CERTIFICATION OF FINANCIAL REPORTS BY A CORPORATE OFFICER

Violation(s): 18 U.S.C. § 371
18 U.S.C. § 1350

Filed _____, 20 12 _____, Clerk.

By _____, Deputy

MATTHEW M. COMAN
Assistant United States Attorney