

**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

---

*Matthew M. Coman*
*Assistant United States Attorney*

*Hale Boggs Federal Building*
*650 Poydras Street, Ste. 1600*
*New Orleans, LA 70130*

*Telephone # : (504) 680-3000*
*Fax# : (504) 589-3594*

May 23, 2012

The Honorable Susie Morgan
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Chambers C 508
New Orleans, Louisiana 70130

  Re: ***United States v. Frank J. Fradella***
     <u>**Criminal Docket No. 12-207"E"**</u>

Dear Judge Morgan:

  In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974), and with Rule 11 of the Federal Rules of Criminal Procedure, the government[1] wishes to acknowledge the following agreement between the government and Frank J. Fradella, the defendant in the above-captioned proceeding. Defendant's undersigned counsel, Randall A. Smith and Michael P. Gibson, have reviewed the terms of this agreement and have been advised by the defendant that the defendant fully understands the terms of this agreement.

  The defendant, Frank J. Fradella, has agreed to plead guilty to Counts 1 and 2 of the two-count Bill of Information charging him with conspiracy to commit bribery in connection with a program receiving federal funds and honest services wire fraud all in violation of Title 18, United States Code, Section 371, and false certification of financial reports by a corporate officer in violation of Title 18, United States Code, Section 1350(c)(1).

  In exchange for the defendant's plea of guilty, the government agrees to not file any additional charges against the defendant arising out of the conduct (including related conduct) outlined in the Bill of Information and factual basis, unless the defendant withdraws his decision to plead guilty or violates the terms of this plea agreement.

---

  [1] The parties acknowledge that the term "government" refers exclusively to the United States Attorney for the Eastern District of Louisiana and the United States Attorney for the Northern District of Texas.

The defendant submits to this prosecution in the Eastern District of Louisiana and agrees to proceed with this guilty plea in the Eastern District of Louisiana for crimes which he committed in the Eastern District of Louisiana and the Northern District of Texas. The defendant thereby waives any rights regarding venue of the prosecution pursuant to the Federal Rules of Criminal Procedure. The defendant also waives the right to proceed by indictment and agrees to proceed via the Bill of Information.

If the Court accepts the defendant's plea of guilty as described above, the defendant understands the statutory penalties for these violations are as follows: up to five (5) years imprisonment and a fine of not more than 250,000 dollars or the greater of twice the gross gain to the defendant or twice the gross loss to any person as to Count 1; and up to 10 years imprisonment and a fine of not more than 1,000,000 dollars or the greater of twice the gross gain to the defendant or twice the gross loss to any person as to Count 2.

As part of this plea agreement, the government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a specific sentence is appropriate in the disposition of Count 2 of the Bill of Information, to wit: a term of not more than seven (7) years imprisonment. The parties also agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that sentences imposed on Counts 1 and 2 shall run concurrently.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the pre-sentence report as provided for in F.R.Cr.P.11(c)(3)(A). The parties further agree that should the Court intend on sentencing the defendant to a term of imprisonment higher than that stipulated to in this agreement, the defendant or the government has the option of declaring this plea agreement null and void.

Further, the defendant understands that a mandatory special assessment fee of $200.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may at the behest of the United States void the plea agreement.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, may include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of not more than three (3) years pursuant to Title 18, United States Code, Section 3583(b)(2) (Class D felony) as to Count 1 and not more than three (3) years pursuant to Title 18, United States Code, Section 3583(b)(2) (Class C felony) as to Count 2. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if he violates any of the conditions of supervised release that the Court has imposed, his supervised release may be revoked and he may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal his conviction, sentence, restitution, fine, and judgment imposed by the Court. The defendant also understands that he may have the right to file collateral challenges to his conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. The defendant further understands that Title 18, United States Code, Section 3582(c)(2) may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 18, United States Code, Section 1291;

b. Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A, and the defendant

3

acknowledges that the United States' position in the instant prosecution was not vexatious, frivolous or in bad faith.

It is also understood that the restitution provisions of Sections 3663, 3663A, and 3664 of Title 18, United States Code will apply to any victims, and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation. It is further understood that the defendant is responsible for restitution to any victims.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or jury trial or any other hearing deemed necessary by the government to testify truthfully. Again, the defendant understands that any failure to appear and testify at any future judicial proceeding, authorizes the government to pursue any additional charges arising from the criminal activity under investigation. The defendant also understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the United States of any person he believes to be violating the law and the defendant agrees to assist the United States in the investigation and prosecution of any reported criminal conduct.

The defendant understands and agrees that in the event he violates the plea agreement (or withdraws his decision to plead guilty), any statements made by him to law enforcement agents before or after the execution of the plea agreement, any re-arraignment colloquies in connection with this case (to include the signed factual basis), any testimony given by him before a grand jury or any tribunal, and any leads from such statements, testimony or colloquies shall be admissible for all purposes against him in any and all criminal proceedings.

The United States agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines should be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law.

The defendant also understands that should he withdraw his decision to plead guilty and testify contrary to the substance of his proffer and the factual basis signed prior to the filing of the charges, or pursue a position or defense inconsistent with the substance of his proffer and factual basis, the United States may use the substance of the proffer and the signed factual basis for any purpose, including, but not limited to, its use during the United States' case-in-chief at trial. All parties also understand that any statement or testimony given by the defendant can be used as leads or for any other reason against other persons. Furthermore, the defendant fully understands that should he commit perjury or give false statements to federal agents, any prior statements and testimony he has given can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation to which he is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States Attorney. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which he is pleading guilty.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant understands that the statements set forth above represent defendant's entire agreement with the government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

MATTHEW M. COMAN
Assistant United States Attorney

SARAH R. SALDAÑA
UNITED STATES ATTORNEY
NORTHERN DISTRICT OF TEXAS

CHAD MEACHAM
Criminal Chief

RANDALL A. SMITH
Attorney for the Defendant

MICHAEL P. GIBSON
Attorney for the Defendant

FRANK J. FRADELLA
Defendant

6