AO 245B    (Rev. 09/11) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

EASTERN   DISTRICT OF   LOUISIANA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| FRANK J. FRADELLA | Case Number:   12-207-1 "E" |
| | USM Number:   43168-177 |
| | Randall A. Smith and Sara E. Porter |
| | Defendant's Attorney |

Social Security No.: xxx xx 5180

**THE DEFENDANT:**

☑ pleaded guilty to count(s) 1 and 2 of the bill of information on June 27, 2012.

☐ pleaded nolo contendere to count(s)      which was accepted by the court.

☐ was found guilty on count(s)      after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Count** |
|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Bribery, Wire Fraud, and Honest Services Fraud and | 1 |
| 18 U.S.C. § 1350 | False Certification of Financial Reports by a Corporate Officer | 2 |

      The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s)      is/are dismissed on the motion of the United States.

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **COURT REPORTER:**  Jodi Simcox | February 11, 2015 |
| | Date of Imposition of Judgment |
| **ASST. U. S. ATTORNEY:**  Matthew J. Coman and Richard R. Pickens, II | *Susie Morgan* |
| | Signature of Judge |
| **PROBATION OFFICER:**  Tracy L. Coleman | |
| | Susie Morgan, United States District Judge |
| **CERTIFIED AS A TRUE COPY** | Name and Title of Judge |
| **ON THIS DATE** _____ | 2/13/15 |
| **BY:** _____ | Date |
| **Deputy Clerk** | |

AO 245B   (Rev. 9/11) Judgment in Criminal Case
         Sheet 2 — Imprisonment

|  |  |
|---|---|
| **DEFENDANT:** FRANK J. FRADELLA | Judgment Page 2 of 6 |
| **CASE NUMBER:** 12-207-1 "E" | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 12 months and one day as to each of counts one and two, such terms to run concurrently.

[X] The court makes the following recommendations to the Bureau of Prisons:
That the defendant be designated to the FPC in Pensacola, Florida.

[ ] The defendant is remanded to the custody of the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00 noon on April 13, 2015 as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 9/11) Judgment in a Criminal Case
           Sheet 3    Supervised Release

|  |  |
|---|---|
| DEFENDANT: | FRANK J. FRADELLA |
| CASE NUMBER: | 12-207-1 "E" |

Judgment Page  3  of  6

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 1 year on each of counts 1 and 2, such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons. The defendant shall not commit another federal, state or local crime, and shall be prohibited from possessing a firearm, ammunition, destructive device, or any other dangerous weapon. The defendant shall not possess a controlled substance, shall cooperate in the collection of a DNA sample, and shall comply with all of the other standard conditions of supervised release, including the following special conditions:

## SPECIAL CONDITIONS OF SUPERVISION

The following special conditions are imposed:

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

The defendant shall obtain prior written approval from the Court before entering into any self-employment.

The defendant shall cooperate fully with the Internal Revenue Service in determining and paying any tax liabilities. The defendant shall provide to the Internal Revenue Service all requested documents and information for purposes of any civil audits, examinations, collections, or other proceedings. It is further ordered that the defendant file accurate income tax returns and pay all taxes, interest, and penalties due and owing by him to the Internal Revenue Service.

The defendant shall pay the fine that is imposed by this judgment.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in the manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 9/11) Judgment in a Criminal Case
         Sheet 5   Criminal Monetary Penalties

Judgment Page __5__ of __6__

DEFENDANT:  FRANK J. FRADELLA
CASE NUMBER:  12-207-1 "E"

# CRIMINAL MONETARY PENALTIES

[✓] The defendant must pay the imposed fine under the schedule of payments on Sheet 6.

[ ] The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 10,000.00 | $ -0- |

[✓] **The special assessment is due immediately.**

[ ] The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[ ] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS**    $_____    $_____

[ ] Restitution amount ordered pursuant to plea _____

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    [✓] the interest requirement is waived for the fine.

    [ ] the interest requirement for the ____ fine ____ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 9/11) Judgment in a Criminal Case
    Sheet 6 — Schedule of Payments

Judgment — Page __6__ of __6__

DEFENDANT:         FRANK J. FRADELLA
CASE NUMBER:       12-207-1 "E"

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐  Lump sum payment of $ _____ due immediately, balance due

  ☐ not later than _____ , or
  ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐  Payment in equal monthly installments of $ ____ ,to commence ____ ; or

**D** ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑  Special instructions regarding the payment of criminal monetary penalties:

  The defendant is ordered to pay to the United States a total fine of $10,000.00. The payment of the $10,000.00 fine shall be paid in monthly installments of $500.00. Payments shall begin while the defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $500.00 per month, and later installments to be paid each month until the full amount has been paid. The payment is subject to increase or decrease, depending on the defendant's ability to pay. Fine payments shall be made to the Clerk, United Sates District Court, and are to be forwarded to the following address: U.S. Clerk's Office, Attn.: Financial Section, 500 Poydras St., Room C 151, New Orleans, Louisiana, 70130.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

  Defendant and Co Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.