# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 12-207 |
| FRANK FRADELLA | SECTION: "E" (2) |

## ORDER AND REASONS

Before the Court is Steven Scott Sewell's motion to reconsider[1] the Court's order dismissing the original indictment[2] against Defendant Frank Fradella.[3] According to Sewell, the indictment's dismissal was procured by fraud and violated his rights as a crime victim under the Crime Victims' Rights Act ("CVRA").[4] After careful review of the pleadings, record, and pertinent law, the Court finds it has no jurisdiction to consider the motion, as Sewell lacks standing.

## I.  BACKGROUND

Fradella was the chief executive officer of Home Solutions of America, Inc., a publicly-owned disaster restoration company based in Dallas, Texas.[5] On May 4, 2011, a federal grand jury in the Northern District of Texas indicted Fradella on three counts of securities fraud, two counts of false certification, and one count of making false and misleading statements in connection with his handling of Home Solutions' finances.[6] The

---

[1] R. Doc. 136. Sewell styles his motion as an "Action for Enforcement and Relief Pursuant to the Crime Victims['] Rights Act . . . ; Reconsideration and Vacating of the Court's Order of February 19, 2015, Granting the Government's Consent Motion to Dismiss the Texas Indictment; and Alternative Remedies." *Id.* Sewell wishes to have the dismissal of the Texas indictment vacated so that he may seek crime victim status pursuant to the offenses charged in Texas.
[2] R. Doc. 1-2.
[3] R. Doc. 104.
[4] 18 U.S.C. § 3771.
[5] R. Doc. 1-2 at 1–2.
[6] *Id.* at 1–11. Contrary to Sewell's assertions, the Texas indictment was not placed under seal. *See* Indictment, No. CR11-126, *United States v. Fradella* (N.D. Tex.) ECF No. 1.

Government's investigation into Fradella's crimes revealed he had bribed former New Orleans mayor Ray Nagin in exchange for favorable city restoration contracts following Hurricane Katrina.[7] On May 29, 2012, as a part of his plea bargain,[8] Fradella consented to a Rule 20 transfer of his case from the Northern District of Texas to the Eastern District of Louisiana, where a grand jury investigation into Nagin's criminal conduct was ongoing.[9] On June 27, 2012, Fradella pleaded guilty to a two-count bill of information for bribing Nagin (Count 1) and falsely certifying financial reports (Count 2).[10]

On November 26, 2014, Sewell filed a motion under the CVRA, Mandatory Victim Restitution Act ("MRVA"),[11] and Victim Witness Protection Act ("VWPA"),[12] alleging Fradella's false certifications underlying Count 2 of the Louisiana bill of information caused Sewell to suffer significant financial losses.[13] At this time, Sewell clearly was aware that Fradella had pleaded guilty to the two-count bill of information and not the six-count Texas indictment. This Court referred the motion to the magistrate judge,[14] who determined the clean hands doctrine precluded Sewell from obtaining victim status "for

---

[7] R. Doc. 1-6 at 2, ¶¶ 4–6.
[8] *Id.* at 1–2, ¶ 2.
[9] R. Doc. 1.
[10] R. Docs. 8, 12. In 2014, a jury found Nagin guilty of bribery, wire fraud, money laundering, and various tax offenses. *See United States v. Nagin*, 810 F.3d 348, 349–50 (5th Cir. 2016). At trial, Fradella testified against Nagin as a Government witness. *Id.* at 350; Appeal Trans. 3–66, No. CR13-11, *United States v. Nagin* (E.D. La.), ECF No. 197.
[11] 18 U.S.C. § 3663A.
[12] 18 U.S.C. §§ 3663, 3664.
[13] R. Doc. 62. Sewell repeatedly claims that prior to this filing, he received a letter from the U.S. Probation Office on August 16, 2012, notifying him that "he was an 'identified victim' under MVRA because his harm was 'directly and proximately caused by [Fradella's] crime.'" R. Doc. 127-1 at 4 & n.1; R. Doc. 136-1 at 18; R. Doc. 138-2 at 5. Despite these claims, Sewell has not submitted this letter to the Court.
[14] R. Doc. 87.

any purpose in the case."[15] On February 4, 2015, over Sewell's objections,[16] this Court adopted the magistrate judge's opinion in full.[17]

On April 10, 2015, Sewell sought a writ of mandamus under the CVRA.[18] By this time, Sewell knew Fradella's Texas indictment had been dismissed on February 19, 2015.[19] If Sewell believed the charges to which Fradella pleaded guilty in Louisiana did not encompass the full scope of Fradella's criminal conduct, Sewell could have raised that issue in this petition for mandamus.[20] Finding Sewell failed to timely seek the writ, the Fifth Circuit dismissed Sewell's petition on April 16, 2015.[21]

This Court sentenced Fradella on February 11, 2015.[22] Over five months later, on August 3, 2015, Sewell filed a motion to unseal the sealed documents in Fradella's case.[23] In support of his motion, Sewell attached Fradella's Texas indictment,[24] the transcript of Fradella's testimony during the Nagin trial,[25] and Fradella's sentencing transcript.[26] This

---

[15] *Id.* at 11. Specifically, the magistrate concluded (1) Fradella's criminal conduct was not the "but for" cause of Sewell's losses and (2) "the evidence submitted by the parties establishe[d] that Sewell was aware and apprised of the activities of his business partners, who are now convicted felons, in the transactions that form the basis of both Count 1 against Fradella and the various related counts of [Nagin's] conviction." *Id.* at 7, 9.
[16] R. Doc. 95.
[17] R. Doc. 96.
[18] R. Doc. 127-1. A writ of mandamus is a purported crime victim's only avenue for review of a denial of restitution. *See United States v. Slovacek*, 699 F.3d 423, 427 (5th Cir. 2012) ("[N]onparty victims do not have the right of direct appeal under the CVRA.").
[19] R. Doc. 104.
[20] *See, e.g.*, *United States v. Johnson*, 854 F.3d 1098 (9th Cir. 2017) (vacating and remanding the case to the district court because the district court abused its discretion in only considering the defendant's conduct underlying his crime of conviction, and noting that "[f]ollowing the 1990 amendments, . . . the VWPA allows district courts to order restitution for crimes involving a scheme to defraud to 'include acts of related conduct for which the defendant was not convicted'").
[21] R. Doc. 127-3. The Fifth Circuit also noted Sewell had not "clearly shown he [met] the other . . . statutory factors for a mandamus," and that he had not "shown his right to be heard was denied." *Id.* at 3 n.1. He did not even "address the third factor, namely that 'the accused has not pled to the highest offense charged.'" *Id.* Sewell filed a petition for rehearing on May 1, 2015, R. Doc. 127-4, which the Fifth Circuit denied on June 8, 2015, R. Doc. 127-5.
[22] R. Docs. 100–03.
[23] R. Doc. 118.
[24] R. Doc. 118-1.
[25] R. Doc. 118-2.
[26] R. Doc. 118-3.

Court granted the motion to unseal in part on September 29, 2015, leaving sealed only Fradella's presentence report, its related documents, and the medical and personal information related to Fradella and his family.[27] Sewell filed the instant motion over five months later, on March 1, 2016.[28] In his motion, Sewell asks this Court to vacate its order and reconsider its dismissal of Fradella's Texas indictment, alleging the dismissal was obtained by fraud and in violation of the CVRA.[29]

## II. ANALYSIS

Sewell argues that Federal Rule of Civil Procedure 60(b)(3) requires this Court to vacate the order dismissing Fradella's Texas indictment, as the Government obtained the dismissal by submitting "false and manufactured evidence" as a part of an "unconscionable plan or scheme . . . designed to influence the court."[30] First, Rule 60 appears in the Federal Rules of *Civil* Procedure and provides no procedural avenue for relief in this criminal proceeding. Second, Sewell lacks standing to object to, or ask for reconsideration of, the dismissal of the indictment in this criminal case, as he is not a party to the proceedings.[31] "Unlike the Federal Rules of Civil Procedure, there is no procedure for nonparty intervention into criminal cases,"[32] and nothing in the CVRA or MVRA disturbs this well settled rule.[33]

---

[27] R. Doc. 133.
[28] R. Doc. 136.
[29] R. Doc. 136 at 11–12.
[30] R. Doc. 136-1 at 1. In support of this assertion, Sewell claims Fradella's Rule 20 transfer required Fradella to plead guilty to each count in the Texas indictment, notwithstanding the additional charges to be filed in the Eastern District.[30] He argues the Government's asserted reasons for seeking dismissal of the Texas indictment were disingenuous; in truth, he contends, the Government sought to maintain Fradella's credibility as a witness in the Nagin trial by charging him with only two counts—the bill of information— instead of six—the Texas indictment.[30] By charging Fradella with the bill of information in lieu of the Texas indictment, Sewell claims, the Government violated the terms of Fradella's Rule 20 transfer[30] and Sewell's rights as a crime victim. *Id.* at 3.
[31] *See United States v. Kovall*, 857 F.3d 1060, 1069 (9th Cir. 2017); *Slovacek,* 699 F.3d at 427.
[32] *Slovacek,* 699 F.3d at 427.
[33] *Kovall*, 857 F.3d at 1069.

Congress enacted the CVRA in 2004 "to correct . . . the legacy of the poor treatment of crime victims in the criminal process."[34] To ensure victims are "treated with fairness and with respect for [their] dignity and privacy,"[35] the ACT affords victims the ability to assert their CVRA rights in the district court in which the defendant is being prosecuted.[36] Although the CVRA gives crime victims certain rights during the course of a criminal prosecution,[37] Congress "did not contemplate that victims would participate in criminal cases as parties with standing."[38]

That nonparties to criminal cases lack standing to participate in the proceedings is vital to the functioning of our criminal justice system. Hence, "nothing in [the CVRA] . . . impair[s] the prosecutorial discretion of the Attorney General or any officer under his direction."[39] Bringing lesser charges against a cooperating witness in exchange for his testimony is commonplace. A prosecutor's ability to negotiate with defense counsel is "central to the administration of the criminal justice system,"[40] and provides "[t]he potential to conserve valuable prosecutorial resources and for defendants to admit their crimes and receive more favorable terms at sentencing."[41] Ultimately, Sewell, a nonparty who this Court determined is not a crime victim, has no standing to seek reconsideration of the Court's orders under the CVRA or otherwise.[42]

---

[34] 150 CONG. REC. S4269 (daily ed. Apr. 22, 2004) (statement of Sen. Feinstein).
[35] § 3771(a)(8).
[36] *Id.* (d)(1), (3).
[37] *Id.* (a)(1)–(8); *see also* FED. R. CRIM. P. 60(b)(2).
[38] *United States v. Perry*, 360 F.3d 519, 542 & n.2 (6th Cir. 2004) (Gibbons, J., dissenting) ("Nothing in the language or legislative history of the MVRA indicates that Congress intended to provide victims with a private remedy to sue or appeal restitution decisions made in the context of criminal cases in which the victims were not parties."); *see Kovall*, 857 F.3d at 1069.
[39] § 3771(d)(6).
[40] *Missouri v. Fyre*, 566 U.S. 133, 144 (2012).
[41] *Id.*
[42] Sewell's only remaining avenue for relief is to file a complaint against any Department of Justice employee he believes failed to afford him the rights established under the CVRA with the Crime Victims' Rights Ombudsman. *See* 28 C.F.R. § 45.10.

### III.   CONCLUSION

**IT IS ORDERED** that Sewell's motion to reconsider is **DISMISSED** for lack of jurisdiction.

**New Orleans, Louisiana on this 21st day of August, 2017.**

                                                                      _____
                                                                                    **SUSIE MORGAN
                                                                     UNITED STATES DISTRICT JUDGE**